United States District Court

Eastern District of California

Walter Maurice Savage,

    Petitioner,　　　　　　　　　No. Civ. S 04-1079 MCE PAN P

  vs.　　　　　　　　　　　　　Findings and Recommendations

State of California, et al.,

    Respondent.

-oOo-

    Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus.  He challenges a 1994 murder conviction in Sacramento County, for which he is serving a sentence of 25 years to life.

    Petitioner's conviction became final December 26, 1995, 90 days after the California Supreme Court denied his petition for review on September 27, 2005.

    Respondent has moved to dismiss the petition upon the ground it was not filed within the limitation period provided by

statute; petitioner opposes.

A petition for habeas corpus challenging a state conviction or sentence must be filed within one year from the date on which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). This limitation period is tolled for the period during which a "properly filed application" for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). For petitioners whose convictions became final prior to the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, the limitation period commenced running April 25, 1996.

Petitioner filed his first collateral action in state court July 5, 2002. He claims the limitation period was tolled from April 25, 1996, until March 21, 2002. Petitioner submits evidence that between December 1995 and March 2002 he wrote to his appellate attorney repeatedly to learn the status of his case but his inquiries were ignored. He did not learn the petition for review was denied until the California Supreme Court responded to his letter March 21, 2002. He then filed a full round of habeas petitions in the California Courts, claiming his right to effective assistance of appellate counsel was violated because counsel failed to provide him with his transcripts or inform him the petition for review was denied.

As respondent points out, petitioner bears a heavy burden of establishing he is entitled to equitable tolling based on the

2

1 asserted misconduct of appellate counsel.  See Pace v.
2 DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807 (2005).  The "threshold
3 to trigger equitable tolling is very high, lest the exceptions
4 swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th
5 Cir. 2002).  To establish tolling based on delay in receiving
6 notice of the 1995 denial of his petition for review, petitioner
7 must show he diligently attempted to ascertain the status of the
8 state court's order and the delay prevented the him from filing a
9 timely federal petition.  Drew v. Dept. of Corrections, 297 F.3d
10 1278 (11th Cir. 2002).  Petitioner waited seven years after he
11 knew his petition for review had been filed before writing to the
12 California Supreme Court to inquire about the status of the
13 matter.  A reasonable person in petitioner's position would have
14 concluded, long before seven years had passed, that no
15 information from appellate counsel was forthcoming.  Once
16 petitioner did learn the petition for review was denied he did
17 not bring the substance of any constitutional claims before any
18 state court until nearly 10 months later in January 2003.  See
19 respondent's lodged document 7.  The obligation to act diligently
20 "does not pertain solely to the filing of the federal habeas
21 petition, rather it is an obligation that exists during the
22 period appellant is exhausting state court remedies as well."
23 Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).  Petitioner
24 has not established the diligence necessary to warrant equitable
25 tolling.  His claims are time-barred.
26      Respondent also asserts the amended petition is not

1  completely exhausted.  This argument has merit.  Petitioner
2  counters that his claims were presented to the California Supreme
3  Court in support of his ineffective assistance of appellate
4  counsel claim.  The court has reviewed that petition (<u>see</u>
5  respondent's lodged document 11) and it is clear that at least
6  one claim presented herein, prosecutorial misconduct (<u>see</u> amended
7  petition at 34-41) is unexhausted.

8     Accordingly, the court hereby recommends respondent's June
9  17, 2005, motion to dismiss be granted and this action be
10 dismissed as untimely and as pleading claims that are
11 unexhausted.

12    Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
13 findings and recommendations are submitted to the United States
14 District Judge assigned to this case.  Written objections may be
15 filed within 10 days of service of these findings and
16 recommendations.  The document should be captioned "Objections to
17 Magistrate Judge's Findings and Recommendations."  The district
18 judge may accept, reject, or modify these findings and
19 recommendations in whole or in part.
20    Dated:  January 24, 2006.

                  /s/ Peter A. Nowinski
                  PETER A. NOWINSKI
                  Magistrate Judge